UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRVING RAMEY, | ) | |
| | ) | |
| Petitioner, | ) | 12 C 7174 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| KEVWE AKPORE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Irving Ramey, a state prisoner, petitions for a writ of habeas corpus. Doc. 1. The court granted Ramey's motion to stay proceedings pending resolution of his successive state post-conviction proceedings. Docs. 6, 11; *see* 28 U.S.C. § 2254(b)(1)(A). The Warden has moved to lift the stay and dismiss the petition, arguing that Ramey failed to comply with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Doc. 12. The court ordered Ramey to respond, Doc. 15, but he never did. The Warden's motion is granted and the case is dismissed.

In 1989, Ramey was convicted of murder, home invasion, armed violence, aggravated unlawful restraint, and possession of a stolen vehicle, and was sentenced to death for the murder and lengthy prison terms for the other crimes. Doc. 12-1 at 4-5; Doc. 12-2; *People v. Ramey*, 603 N.E.2d 519, 522 (Ill. 1992). The Supreme Court of Illinois vacated the death sentence on direct review, *id*. at 546, and Ramey's convictions were vacated on post-conviction review. Doc. 12-1 at 17; Doc. 12-3 at 15; Doc. 12-4 at 4-5. Ramey was convicted again at a second trial, and he was sentenced to life imprisonment for the murder and a consecutive sixty-year sentence for home invasion. Doc. 12-1 at 24-25; Doc. 12-4 at 5; Doc. 12-5 at 1. The Appellate Court of

1

Illinois affirmed. *People v. Ramey*, No. 1-05-3664 (Ill. App. Feb. 15, 2008) (Doc. 12-5 at 1-13). The Supreme Court of Illinois denied Ramey's petition for leave to appeal ("PLA"). *People v. Ramey*, 889 N.E.2d 1120 (Ill. 2008). The United States Supreme Court denied Ramey's petition for writ of certiorari on May 18, 2009. Doc. 12-8; *Ramey v. Illinois*, 556 U.S. 1245 (2009).

On November 12, 2009, Ramey filed a post-conviction petition under 725 ILCS 5/122-1 *et seq*. The state trial court denied the petition, and the state appellate court affirmed. *People v. Ramey*, No. 1-10-0699 (Ill. App. May 16, 2011) (Doc. 12-9 at 1-3). On September 28, 2011, the state supreme court denied Ramey's PLA. *People v. Ramey*, 955 N.E.2d 477 (Ill. 2011). Ramey did not seek certiorari from the United States Supreme Court. *See* Doc. 1 at 2-4; Doc. 12 at ¶ 10.

Ramey filed his federal habeas petition on September 7, 2012. Doc. 1. As noted above, the Warden argues that Ramey's habeas petition is barred by the statute of limitations imposed by 28 U.S.C. § 2244(d)(1), which provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Subject to the exceptions set forth in § 2244(d)(1)(B)-(D), § 2244(d)(1)(A) provides that "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) ("AEDPA establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates.") (quoting 28 U.S.C. § 2244(d)(1)); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) ("That one-year period is typically measured from the date when the state courts are finally finished with the case, although there are some exceptions to that rule …."); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("three other statutory exceptions may delay accrual of this statute of limitations, 28 U.S.C. § 2244(d)(1)(B), (C), (D)").

Ramey's conviction became final on May 18, 2009, when the United States Supreme Court denied his certiorari petition on direct review. *See Gonzalez*, 132 S. Ct. at 653 ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari.") (quoting 28 U.S.C. § 2244(d)(1)(A)). On November 12, 2009, 177 days later, Ramey filed his post-conviction petition, which tolled the running of the limitations period while the petition was pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The tolling ended, and the limitations period recommenced, when the state supreme court denied Ramey's post-conviction PLA on September 28, 2011. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that § 2244(d)(2) tolling lasts "only while state courts review the application," and because "[the United States Supreme] Court is not a part of a 'State's post-conviction procedures[,] … the State review ends when the state courts have finally resolved an application for state postconviction relief"); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (same).

Ramey filed his habeas petition in this court 344 days later, on September 7, 2012. Doc. 1. By that time, 521 days had elapsed under § 2244(d)(1)(A)—the 177 days between the date Ramey's judgment became final and the date he filed his state post-conviction petition, plus the 344 days between the state supreme court's denial of his post-conviction PLA and the date he filed his federal habeas petition. Ramey's petition therefore is untimely if the limitations period commenced under § 2244(d)(1)(A).

3

As noted above, it is possible that a habeas petition that is untimely under § 2244(d)(1)(A) could be timely under § 2244(d)(1)(B)-(D). *See* 28 U.S.C. § 2244(d)(1) (providing that the "limitations period shall run from the latest of" the dates set forth in § 2244(d)(1)(A)-(D)); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (holding that § 2244(d)(1)(D), if applicable, grants a habeas petitioner a "fresh year"), *abrogated on other grounds*, *McQuillen v. Perkins*, 133 S. Ct. 1924 (2013). It is Ramey's burden to show that one or more of the § 2244(d)(1)(B)-(D) exceptions applies. *See Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (holding that where the Warden "raises [a § 2244] statute of limitations defense, the petitioner must come forward with some evidence to support his claim that … 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition"). Ramey has not suggested, let alone shown, that any exception applies, thereby forfeiting any such argument. *See Broadus v. Jones*, 390 F. App'x 804, 807 (10th Cir. 2010) (holding that the petitioner forfeited any argument that his habeas petition was timely under § 2244(d)(1)(B) and (D) by not raising the argument in the district court); *Ford v. Lunquist*, 2007 WL 5514743, at *1 (W.D. Wis. Jan. 3, 2007) ("If the state raises the statute of limitations defense, then it will be petitioner's burden to show that the statute should be tolled under one of the provisions set forth in § 2244(d)(1)(B)-(D) or for other, equitable reasons.").

To his credit, the Warden raises and rebuts two possible arguments that Ramey could have pressed under § 2244(d)(1)(D), which provides that the limitations period may commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). First, Ramey's petition might be said to rest on new evidence in that (according to Ramey) a government witness falsely testified about his conduct at trial. Doc. 1-3 at 14-25. But Ramey never says

when he learned of the alleged perjury. Moreover, because the alleged perjury occurred during trial and concerned his own conduct, Ramey would have known that the testimony was false as soon as the witness testified. It therefore cannot be said that the factual predicate of Ramey's claim that his conviction rests on perjured testimony could not have been discovered before his conviction became final. *See Rivera v. Pollard*, 504 F. App'x 502, 505 (7th Cir. 2013) (holding that the § 2244(d)(1)(D) limitations period commenced as soon as the petitioner read a police report identifying a possible witness that his lawyer did not investigate); *Escamilla*, 426 F.3d at 871 (holding that the petitioner's claim that the police illegally coerced his inculpatory statement accrued at the time of the alleged coercion, not when others made the same allegations years later, explaining that § 2244(d)(1)(D) "does not restart the time when corroborating evidence becomes available; if it did, then the statute of limitations would fail in its purpose to bring finality to criminal judgments, for any prisoner could reopen the judgment by locating any additional fact"). Accordingly, even if Ramey had made the first argument the Warden raises for him, it would have been rejected.

Second, the Warden notes that § 2244(d)(1)(D) might apply to Ramey's claim that his post-conviction counsel was ineffective, Doc. 1 at 74-75, as the ineffectiveness of post-conviction counsel of course could not have been discovered until after his conviction became final. Even assuming that the alleged ineffectiveness occurred within 365 countable days under § 2244(d)(1)(D), the claim would be dismissed as non-cognizable. To obtain relief under § 2254, a habeas petitioner must show that he is "in custody … in violation of the Constitution." 28 U.S.C. § 2254(a). However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)

(citations omitted). Thus, Ramey's ineffectiveness of post-conviction counsel claim is non-cognizable on federal habeas review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009); *Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir. 1996).

Ramey's ineffective assistance claim, while, not cognizable, may be timely under § 2244(d)(1)(D). Thus, if a single timely habeas claim makes an entire petition timely, then Ramey's (possibly) timely ineffective assistance claim would save his other claims from the limitations bar. In *Taylor v. Michael*, 724 F.3d 806 (7th Cir. 2013), the Seventh Circuit reserved the question whether a habeas petition containing one timely claim makes all of the petitioner's claims timely under § 2244(d)(1) even if the other claims would have been untimely absent the timely claim. *See id.* at 810 n.3 ("Our two basic options seem to be either (1) evaluating timeliness on a claim-by-claim basis, or (2) considering the petition in its entirety (so that if *any* claim is timely under AEDPA's limitation period, then all claims may be considered). Here, however, it is not necessary to resolve the question, and so we reserve it for another day."). As *Taylor* noted, every circuit to have addressed this question has ruled that § 2244(d)(1) applies on a claim-by-claim basis. *See Zack v. Tucker*, 704 F.3d 917, 923-24 (11th Cir. 2013) (en banc) (compiling cases). There is no ground to believe that the Seventh Circuit would reject the consensus if directly confronted with this issue. And even if the Seventh Circuit departed from the consensus, it is inconceivable that the court would allow a habeas petitioner to save untimely claims from dismissal under § 2244 by the artifice of adding an obviously non-cognizable, though timely, ineffective assistance of post-conviction counsel claim to his petition.

6

Another wrinkle in the statute of limitations analysis, one not raised by the Warden, arises from the fact that some of Ramey's claims assert that he is actually innocent. The Supreme Court recently held that a habeas petitioner may pursue an actual innocence claim regardless of the § 2244(d) statute of limitations. *See McQuillen*, 133 S. Ct. at 1931-32. Accordingly, to the extent the petition asserts actual innocence claims, those claims are not barred on limitations grounds. *See Stewart v. Cate*, 734 F.3d 995, 1003 (9th Cir. 2013) ("When an otherwise time-barred habeas petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the Court may consider the petition on the merits.") (internal quotation marks omitted); *Gore v. Crews*, 720 F.3d 811, 817 (8th Cir. 2013) (same). What Ramey's petition characterizes as actual innocence claims, however, either are not truly actual innocence claims or are patently meritless.

Count 4 of the petition proceeds essentially as follows: Ramey's second trial violated his speedy trial rights; the violation of his speedy trial rights "divested" the state trial court of "jurisdiction" to try him; and therefore Ramey was "actually innocent" of any charges tried in the state court. Doc. 1 at 54-70. Even assuming that actual innocence is cognizable on federal habeas review, an issue that has yet to be resolved, *see McQuillen*, 133 S. Ct. at 1931, an actual innocence claim requires the petitioner to adduce "new evidence show[ing] 'it is more likely than not that no reasonable juror would have convicted [the petitioner]," *id*. at 1933 (second alteration in the original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). That is, an "actual innocence" claim contests the "factual grounds upon which [the] … convictions were based," as opposed to a "legal innocence" claim, which rests on other grounds for voiding a conviction. *Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995); *see also Montgomery v. Meloy*, 90 F.3d

7

1200, 1205 (7th Cir. 1996). Ramey's claim that the state trial court violated Ramey's speedy trial rights asserts legal innocence, not actual innocence. *See Poe v. Caspari*, 39 F.3d 204, 207-08 (8th Cir. 1994) ("[Petitioner's speedy trial claim] is entirely procedural; he makes no showing of actual innocence, and the 'miscarriage of justice' exception does not apply."); *Franklin v. Norris*, 2007 WL 2570517, at *7 (E.D. Ark. Aug. 31, 2007) ("The actual innocence exception is concerned with claims of factual innocence, not legal innocence. Petitioner's allegation that he is actually innocent based on a speedy trial violation is a claim of legal innocence, not factual innocence.") (citation omitted). The claim therefore is not truly an actual innocence claim.

Count 8 of the petition complains that Ramey was initially charged with the commission of a felony by complaint in municipal court, and that the complaint was dismissed and replaced by an indictment for the same charge, which somehow resulted in a violation of his rights under *County of Riverside v. McLaughlin*, 500 U.S. 41 (1991). Doc. 1-2 at 54-76. Count 9 alleges that the grand jury lacked jurisdiction to return an indictment. *Id.* at 77-79. Like the speedy trial claim, those claims allege (at most) legal innocence, not actual innocence.

Count 12 of the petition is an actual innocence claim, arguing that Ramey did not actually commit the crimes for which he was convicted. Doc. 1-3 at 14-25. As noted above, a petitioner pursuing an actual innocence claim "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*." *McQuiggin*, 133 S. Ct. at 1935 (emphasis added, internal quotation marks omitted). "Such proof must take the form of 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' The petitioner must prove, based on this evidence, that it was more likely than not that no jury would have convicted him at trial were the new, exculpatory evidence available." *McDowell v. Lemke*, 737 F.3d 476

8

483 (7th Cir. 2013) (quoting *Schlup*, 513 U.S. at 324). To support his actual innocence claim, however, Ramey points not to "new evidence," but only to the transcripts of his trials, contending that the transcripts themselves show that the prosecution's witnesses committed perjury. Without any evidence that actually qualifies as "new," Ramey's actual innocence claim fails on the merits at the threshold. *See Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (rejecting a habeas petitioner's actual innocence argument on the ground that the petitioner's evidence was "not 'new'"); *Smith v. Hall*, 466 F. App'x 608, 609 (9th Cir. 2012) (holding that a habeas petitioner's evidence was "not new" where it simply "rehash[ed] the expert's testimony during trial"); *Long v. Peterson*, 291 F. App'x 209, 213 (10th Cir. 2008) ("Obviously, this evidence is not new because it was introduced at Long's trial.").

The court next turns to equitable tolling. A habeas petitioner otherwise barred by the statute of limitations may obtain equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). As the Seventh Circuit noted, equitable tolling "is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (quoting *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002)); *see also Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("Equitable tolling is an extraordinary remedy and so is rarely granted.") (internal quotation marks omitted). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor*, 724 F.3d at 810. Having failed to argue for equitable tolling, Ramey obviously has not met his burden. *See Obreicht*, 727 F.3d at 748-49 (holding that the petitioner forfeited any equitable tolling argument by not developing it in the district court); *Hall v. Warden*,

*Lebanon Corr. Inst.*, 662 F.3d 745, 752-53 (6th Cir. 2011) (holding that the petitioner's equitable tolling argument, "despite its surface plausibility, was not presented in the district court and is not within the scope of the COA [and has] therefore been waived"). In any event, there is no basis in the record to excuse Ramey's waiting nearly six months after his conviction became final to file a state post-conviction petition, or his waiting for nearly a year after his state post-conviction proceedings terminated to seek federal habeas relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (denying equitable tolling where the petitioner "sat on [his rights] for five more months *after* his [state post-conviction] proceedings became final before deciding to seek relief in federal court"); *Janssen v. Pugh*, 394 F. App'x 305, 306 (7th Cir. 2010) (denying equitable tolling where "even after the state proceedings had ended, [the petitioner] dallied for months before refiling his petition in federal court").

For the foregoing reasons, Ramey's claims are either non-cognizable, without merit, or barred by the statute of limitations. Accordingly, the Warden's motion to lift the stay and dismiss the petition is granted. *See Loggins v. Hannigan*, 45 F. App'x 846, 850 (10th Cir. 2002) ("Finally, petitioner has not shown that the district court's discretionary denial of his stay motion violated his constitutional rights. As noted by the district court, any issues petitioner seeks to exhaust are already foreclosed as untimely .…") (unpublished, but citable under 10th Cir. R. 32.1(C)).

Rule 11(a) of the Rules Governing § 2254 Cases provides that the district court "must issue or deny a certificate of appealability [('COA')] when it enters a final order adverse to the applicant." When claims are dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the claims' timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the untimeliness of Ramey's time-barred claims is not debatable,

a certificate of appealability is denied as to those claims. *See ibid.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Nor is a certificate of appealability appropriate on Ramey's obviously non-cognizable ineffective post-conviction counsel claim, as the denial of that claim is not debatable and does not even involve the alleged "denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finally, a certificate of appealability is not warranted for Ramey's actual innocence claims, as the merit of those claims is not debatable.

January 17, 2014                                             _____
                                                                United States District Judge